## Martin v. Martin.

(Decided October 4, 1921.)

## Appeal from Wayne Circuit Court.

1.  Divorce—Costs—Security For.—Where a young couple marry in
    Kentucky and immediately thereafter, apparently for the purpose
    of making a home, remove to the state of Texas and live together
    there for several months, and when differences arise between them
    the wife returns to Kentucky to live with her family and the hus-
    band does not return, but shortly after the separation joins the
    United States army and never has returned to Kentucky, the
    court properly required him, under section 616, Civil Code, to
    give bond for costs as a non-resident.
2.  Divorce—Residence—Intention—Acts and Conduct.—On the issue
    of temporary residence and intention to return to Kentucky to re-
    side, if there is a conflict between the expressed intention and the
    acts and conduct of the party, the latter must prevail.

BERTRAM & BERTRAM for appellant.

J. C. DAVIS for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Affirming.

Prior to February, 1919, appellant and appellee were
each residents of Wayne county, Kentucky, and had been
all their lives.

At that time they were married there and shortly
afterwards went to the state of Texas, where they both
remained until October of that year, when differences
arose between them and appellee left appellant there and
returned to Kentucky and has since lived with some of
her family in Wayne county.

Shortly after her departure from Texas appellant
joined the United States army and has never, since his
departure in March, 1919, been in the state of Kentucky.

In April, 1920, this suit was filed by him in the Wayne
circuit court seeking a divorce from his wife, in which
he alleges that they were each residents of Wayne county,
Kentucky, and had continuously been such for more
than one year, except a few months when they were tem-
porarily in the state of Texas.

However, in June, 1920, the deposition of appellant's
mother was taken and she stated that appellant had never
been in Kentucky since he left in the spring of 1919, and
that neither he nor his wife had any property except their

clothes, which were taken with them to Texas; that the appellee came back to Kentucky about October, 1919, and that her son (appellant) joined the army in November of that year; she, however, stated in her deposition that her son and his wife while they livd in Texas were not permanently located but were merely boarding there to work awhile and that her son claimed Kentucky as his home.

After this evidence was taken appellee's counsel entered a motion to require the plaintiff to execute a bond for costs upon the ground that he is a non-resident, and the court, under the evidence, required such a bond to be executed; whereupon appellant's counsel declined in open court to execute such bond and the action was dismissed and this appeal results.

Under section 616, Civil Code, a non-resident is required to execute a bond, with surety, to be approved by the clerk, for the payment of all costs which may accrue in his action, and, under section 617, unless such bond is given, it is provided that his action shall be dismissed upon motion of the defendant.

So the only question is, under the evidence, the substance of which we have quoted, was the defendant a non-resident of this state or was he merely temporarily absent?

The mere statement by his mother that he was only temporarily in the state of Texas and that he claimed Kentucky as his home cannot prevail over the admitted facts and circumstances as shown by the conduct of the parties.

Here we have a young couple marrying and, as is so often customary, going immediately thereafter to the west, and evidently to make a home, and taking with them all of their belongings; they remained there until differences arose between them and then the wife returned to Kentucky to live with her people and the husband for a short time remained in Texas, and without ever returning to Kentucky, joined the United States army and has continuously been outside the state ever since he first left.

This conduct of appellant is wholly inconsistent with any purpose upon his part when he left Kentucky to return and make it his home; he may have had a vague intention of returning to Kentucky at some indefinite time in the future and making it his home, but that their pur-

pose was to make their home in Texas when they left Kentucky is apparent from all the circumstances.

This evidence of his intention cannot prevail over the admitted facts; for, on the issue of temporary residence and intention to return, if there is a conflict between the expressed intention and the acts and conduct of the party, the latter must control. Baker v. Baker, Eccles & Co., 162 Ky. 683.

Our conclusion is that the action of the lower court under the evidence was proper.

Judgment affirmed.